Richard T. Drury (SBN 163559)
richard@lozeaudrury.com
Rebecca Davis (SBN 271662)
rebecca@lozeaudrury.com
**LOZEAU DRURY LLP**
1939 Harrison St., Suite 150
Oakland, CA 94612
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

**WOODROW & PELUSO, LLC**
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

*Pro Hac Vice admission to be sought*

*Attorneys for Plaintiffs and the alleged Classes*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CAROL COREN** and **STEWART SMITH**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**AUTOMOTIVE SERVICE CENTER, LLC**, a California limited liability company,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Carol Coren ("Coren") and Stewart Smith ("Smith") (collectively "Plaintiffs") bring this Class Action Complaint ("Complaint") against Defendant Automotive Service Center, LLC ("ASC" or "Defendant") to stop ASC's practice of placing calls to consumers who are registered on the National Do Not Call

Registry, to stop its practice of making unsolicited prerecorded and autodialed telemarketing calls to the cellular telephones of consumers nationwide, and to obtain redress for all persons similarly injured by ASC's conduct. Plaintiffs also seek an award of statutory damages to the members of the Classes, plus court costs and reasonable attorneys' fees. Plaintiffs, for their Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## PARTIES

1.      Plaintiff Carol Coren is an individual and a resident of Southampton, Bucks County, Pennsylvania.

2.      Plaintiff Stewart Smith is an individual and a resident of Willow Grove, Montgomery County, Pennsylvania.

3.      Defendant ASC is a California limited liability company with its principal place of business located at 2800 W. Center St., Anderson, California 96007.

## JURISDICTION & VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA" or the "Act"), a federal statute. This Court also has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

5.      The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant resides in this District, is headquartered in

this District, regularly conducts business in this District, and a substantial part of the events giving rise to the claims asserted here occurred in this District.

## COMMON ALLEGATIONS OF FACT

6.      ASC solicits consumers, via direct marketing, to purchase its vehicle service contracts.

7.      All of the calls at issue in this case were made on behalf of, for the benefit of, and with the knowledge and approval of ASC.

8.      Unfortunately for consumers, ASC, in an attempt to sell more vehicle service contracts, conducted (and continues to conduct) a wide scale telemarketing campaign and repeatedly makes unsolicited telemarketing phone calls to telephones which appear on the National Do Not Call Registry—all without securing prior express consent, and even after consumers ask that the calls stop. Such conduct violates the TCPA and its implementing regulations, 47 C.F.R. §64.1200, *et seq.*, which prohibits companies and persons, such as ASC, from placing multiple, repeated calls to persons who have listed their phone numbers on the national Do Not Call registry.

9.      ASC also placed autodialed and prerecorded telemarketing calls to consumers nationwide—again, without obtaining consumers prior express written consent. This too violates the TCPA.

10.      In making the autodialed calls at issue in this Complaint, Defendant and/or its agent utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendant and/or its agents has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as

it is capable of making numerous calls simultaneously, without human intervention.

11.    ASC knowingly made, and continues to make, autodialed and prerecorded telemarketing calls to numbers listed on the Do Not Call Registry without the prior express consent of the recipients. As such, Defendant not only invaded the personal privacy of Plaintiffs and members of the putative Classes, they also intentionally and repeatedly violated the TCPA.

12.    By making the unauthorized calls at issue in this Complaint, Defendant caused Plaintiffs and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls as well as a loss of value realized for any monies that consumers paid to their carriers for the receipt of such calls. Furthermore, the calls interfered with and interrupted Plaintiffs' and the other class members' use and enjoyment of their phones, including the related data, software, and hardware components. Defendant also injured the Plaintiffs and class members by causing wear and tear on their phones.

13.    At no time did Defendant obtain prior express consent from Plaintiffs and the class members orally or in writing to receive calls from Defendant.

14.    Defendant was, and is, aware that calls described herein were made to consumers like Plaintiffs who have not consented to receive them.

15.    To the extent any third party made the calls, the third party acted on behalf of ASC, at ASC's direction and control, for ASC's knowing benefit, and with ASC's approval. And ASC ratified the making of any such calls.

16.    On behalf of the Classes, Plaintiffs seek an injunction requiring ASC to cease all unauthorized calling activities to persons registered on the Do Not Call Registry, an injunction requiring ASC to cease all prerecorded voice calls to consumers who have not provided prior express consent, an injunction requiring

ASC to stop placing calls using an ATDS to consumers absent prior express consent, and an award of statutory damages to the class members, together with pre- and post-judgment interest, costs and reasonable attorneys' fees.

### FACTS SPECIFIC TO PLAINTIFF COREN

17.　Plaintiff Coren is the primary and customary user of the cellular telephone number ending in 4094.

18.　Coren registered the telephone number ending in 4094 on the National Do Not Call Registry on December 8, 2004.

19.　In or around October 2019, Plaintiff Coren began receiving telemarketing calls from Defendant ASC.

20.　On October 16, 2019, Coren received a call from ASC from the telephone number 315-979-2263 to her cellphone ending in 4094. The call featured a prerecorded voice message that solicited Coren to purchase ASC's vehicle service contracts.

21.　On October 18, 2019, Coren received two calls from ASC from the telephone number 210-298-9555 to her cellphone ending in 4094. Upon answering the calls, Coren heard a pause and a click prior to being connected with a live representative, clear evidence of an autodialer. During the calls, ASC again solicited Coren to purchase its vehicle service contracts.

22.　Coren also received calls from ASC from the telephone number 210-298-9555 on October 21, 2019, October 22, 2019, and October 23, 2019. On each of these calls, Coren also heard a pause and a click prior to being transferred to a representative who solicited her to purchase vehicle service contracts.

23.　At no time, did Coren ever consent to receive calls from ASC.

24.　To redress these injuries, Coren, on behalf of herself and the Classes of similarly situated individuals, brings suit under the TCPA, which prohibits

unsolicited prerecorded and autodialed calls to cellular telephones as well as telemarketing calls placed to consumers registered on the National Do Not Call Registry. On behalf of the Classes, Coren seeks an injunction requiring ASC to cease all unauthorized prerecorded and autodialed calling activities, an injunction requiring ASC to cease all unauthorized telemarketing calls placed to consumers on the National Do Not Call Registry, and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF SMITH

25.     Plaintiff Smith is the primary and customary user of the cellular telephone numbers ending in 6860.

26.     Smith registered the telephone number ending in 6860 on the National Do Not Call Registry on June 11, 2010.

27.     Beginning in February 2020, Plaintiff Smith began receiving telemarketing calls from ASC.

28.     On February 10, 2020, Plaintiff Smith received a call from ASC from the telephone number 267-578-5980 to his cellular telephone number ending in 6860. ASC solicited Plaintiff Smith to purchase its vehicle service contracts.

29.     On February 14, 2020, Smith received another call from ASC from the telephone number 267-578-5980 to his cellular telephone. ASC again solicited Smith to purchase its vehicle service contracts.

30.     In an effort to identify the caller, Plaintiff Smith permitted ASC to send a follow up email. Shortly thereafter, ASC sent Smith an email soliciting him to purchase its vehicle service contract.

31.     After answering both calls, Smith heard a pause and a click prior to being connected to a live representative of ASC, a tell tale sign of an ATDS.

32.     At no time did Smith ever provide any form of consent to receive the

telemarketing calls at issue.

33.     By making the telephone calls at issue in this Complaint, ASC caused Plaintiff Smith actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the placement and receipt of such unwanted calls, a loss of value realized for the monies consumers paid to his wireless carriers for the receipt of such calls, and the interruption and loss of the use and enjoyment of his telephones, including the related data, software, and hardware components, and wear and tear on such components including the consumption of battery life, among other harms.

34.     ASC is and was aware that the above-described telephone calls are and were being made to consumers like Smith who had not consented to receive them.

35.     To redress these injuries, Smith, on behalf of himself and the Classes of similarly situated individuals, brings suit under the TCPA, which prohibits telemarketing calls placed to consumers registered on the National Do Not Call Registry. On behalf of the Classes, Smith seeks an injunction requiring ASC to cease all unauthorized autodialed calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

36.     Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of themselves and three nationwide classes defined as follows:

> **DNC Registry Class:** All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) ASC, or a third person acting on behalf of ASC, called more than one time on his/her telephone; (2) within any 12-month period; (3) where the telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling ASC's products and services; and (5) for whom ASC claims it obtained

prior express consent in the same manner as ASC claims it supposedly obtained prior express consent to call the Plaintiffs.

**Autodialed No Consent Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the class members; (2) ASC (or a third person acting on behalf of ASC) placed at least one call; (3) to the person's cellular telephone number; and (4) for the purpose of promoting ASC's products or services; (5) using the same dialing equipment that was used to place calls to Plaintiff; and (6) for whom ASC claims it obtained prior express consent in the same manner as ASC claims it supposedly obtained prior express consent to call the Plaintiffs.

**Prerecorded No Consent Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the class members; (2) ASC (or a third person acting on behalf of ASC) placed at least one call; (3) to the person's cellular telephone number; and (4) for the purpose of promoting ASC's products or services; (5) using an artificial and/or prerecorded voice message; and (6) for whom ASC claims it obtained prior express consent in the same manner as ASC claims it supposedly obtained prior express consent to call the Plaintiff Coren.

37.     The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiffs anticipate the need to amend the class definition following appropriate discovery.

38.     **Numerosity:** The exact number of members within each Class is unknown and not available to Plaintiffs at this time, but it is clear that individual

joinder is impracticable. On information and belief, Defendant has placed calls to thousands of consumers who fall into the defined Classes. Members of the Classes can be objectively identified through reference to Defendant's records, consumer phone records, and other evidence to be gained in discovery.

39.    **Typicality:** Plaintiffs' claims are typical of the claims of other members of the Classes, in that Plaintiffs and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct.

40.    **Adequate Representation:** Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiffs have no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiffs.

41.    **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)    Whether Defendant's conduct violated the TCPA;

(b)    Whether ASC systematically made unsolicited telephone calls to consumers using an artificial or pre-recorded voice absent prior express written consent;

(c)    Whether ASC systematically made unsolicited telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry;

(d)    Whether ASC systematically made unsolicited telephone calls to consumers using an ATDS absent prior express written consent;

(e)     Whether any third party made the calls and, if so, whether Defendant is liable for such calls;

(f)     Whether Defendant obtained prior express written consent to contact any class members;

(g)     Whether the Plaintiffs and the other members of the Classes are entitled to statutory damages; and

(h)     Whether Defendant acted willfully so as to require an award of treble damages.

42.     **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if class members could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

43.     **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Classes so as to render certification

of the Classes for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227, *et seq*
### (On Behalf of Plaintiffs and the DNC Registry Class)

44.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

45.     47 U.S.C. § 227(c)(5) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

46.     The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)— provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." *See* 47 C.F.R. § 64.1200(c).

47.     47 C.F.R. § 64.1200(e) provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" and the Commission's Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-

not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

48.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for

which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

49.    ASC and/or its agent made more than one unsolicited telemarketing call to Plaintiffs and the other members of the DNC Registry Class within a 12-month period without having prior written express consent to place such calls.

50.    Each such call was directed to a telephone number that had been registered with the National Do Not Call Registry for at least 30 days.

51.    Plaintiffs and the other members of the DNC Registry Class did not provide consent to receive such telemarketing calls from ASC or its agents.

52.    Neither ASC nor its agents have any record of consent to place such telemarketing calls to Plaintiffs or the other members of the DNC Registry Class.

53.    ASC violated 47 C.F.R. §§ 64.1200(d) and (e) by causing calls to be initiated for telemarketing purposes to wireless telephone subscribers, such as Plaintiffs and the members of the DNC Registry Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a do not call policy and a list of persons who request not to receive telemarketing calls.

54.    ASC violated 47 U.S.C. § 227(c)(5) with respect to Plaintiffs and the members of the DNC Registry Class because Plaintiffs and the members of the DNC Registry Class received more than one telephone call in a 12-month period

made by or on behalf of ASC in violation of 47 C.F.R. § 64.1200, as described above.

55.     Additionally, on information and belief, ASC fails to have a written do not call policy that is available on request. On further information and belief, ASC fails to train its employees and personnel involved in telemarketing in the existence and use of its do not call policy or do not call list.

56.     As a result of ASC's conduct as alleged herein, Plaintiffs and the members of the DNC Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled to, *inter alia*, receive at least $500 in damages for each such violation of 47 C.F.R. § 64.1200.

57.     To the extent ASC's misconduct is determined to have been willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiffs and the members of the DNC Registry Class.

## SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227, *et seq*
### (On Behalf of Plaintiffs and the Autodialed No Consent Class)

58.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

59.     ASC (or a third person acting on behalf of ASC) made unsolicited and unwanted autodialed telemarketing calls to cellular telephone numbers belonging to Plaintiffs and the other members of the Autodialed No Consent Class, without their prior express written consent in an effort to generate leads for Defendant's vehicle service contracts.

60.     Defendant failed to obtain any prior express written consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

(A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

61.     Further, Defendant placed the calls using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention.

62.     The telephone dialing equipment utilized by Defendant (or a third person acting on behalf of Defendant), which is substantially similar to a predictive dialer, dialed numbers from a list, or dialed numbers form a database of telephone numbers, in an automatic and systematic manner.

63.     Based on such conduct, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

64.     As a result of such conduct, Plaintiffs and the other members of the Autodialed No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

65.     In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiffs and the other members of the Autodialed No Consent Class.

**THIRD CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227, *et seq***
**(On Behalf of Plaintiff Coren and the Prerecorded No Consent Class)**

66.     Plaintiff Coren incorporates by reference the foregoing allegations as if fully set forth herein.

67.     ASC made or caused to be made calls to Coren's and the other Prerecorded No Consent class members' telephones, which solicited consumers to purchase its vehicle service contracts.

68.     Under the TCPA, it is unlawful to initiate any telephone call to a cellular telephone using an artificial or prerecorded voice absent a consumer's prior express consent. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

69.     By making unsolicited telephone calls to Plaintiff Coren's and members of the Prerecorded No Consent Class's cellular telephones using an artificial or pre-recorded voice without first obtaining prior express consent, ASC violated the TCPA.

70.     ASC is liable for the calls. The calls were made by or on behalf of ASC, at the direction of ASC, by employees or agents of ASC, and with ASC's substantial oversight and control.

71.     ASC knew about the calls, directed the making of the calls, ratified the calls by approving them and/or knowingly receiving the benefits from them, and otherwise benefitted from the calls.

72.     ASC violated the TCPA by making calls featuring an artificial and/or prerecorded voice to Coren's and other class members' phones.

73.     The calls were for telemarketing purposes, specifically to apprise Coren and others of the availability of ASC's vehicle service contracts.

74.     Neither Coren nor any other consumer ever provided prior express written or oral consent under the TCPA to be called by or on behalf of ASC.

75.     No written consent containing required disclosures under 47 C.F.R. § 64.1200, *et seq.* was ever obtained.

76.     As a result of ASC's unlawful conduct, Coren and the other members of the Prerecorded No Consent Class suffered actual damages and, under section 47 U.S.C. § 227(b)(3), Coren and each member of the Prerecorded No Consent Class are each entitled to receive up to $500 in damages for each violation.

77.     Should the Court determine that ASC's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff Coren and the other members of the Prerecorded No Consent Class.

78.     Coren and the class members are also entitled to injunctive relief and corresponding declaratory relief as necessary to prevent their future receipt of ASC's unlawful calls.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Classes, pray for the following relief:

A.      An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiffs as the representative of the Classes and appointing their attorneys as Class Counsel;

B.      An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater, to be trebled where the violations were knowingly or willfully, all to be paid into a common fund for the benefit of the Plaintiffs and the Class Members;

C.      An order declaring Defendant's telephone calls, as set out above, violate the TCPA;

D.      An injunction requiring ASC to stop placing calls featuring an artificial and/or prerecorded voice to consumers absent prior express written

1        consent;

2    E.    An injunction requiring ASC to stop placing calls using an ATDS to

3          consumers absent prior express written consent;

4    F.    An injunction requiring ASC to stop placing calls to consumer

5          registered on the National Do Not Call Registry absent prior express

6          consent;

7    G.    An award of pre-judgment interest;

8    H.    An award of reasonable attorneys' fees and costs to be paid out of the

9          common fund prayed for above; and

10   I.    Such further and other relief the Court deems reasonable and just.

11                          **JURY DEMAND**

12   Plaintiffs request a trial by jury of all claims that can be so tried.

13

14                                   Respectfully submitted,

15   Dated: October 06, 2020         **CAROL COREN** and **STEWART SMITH**,
                                      individually and on behalf of all others
16                                    similarly situated,

17
                                      By: s/ *Rebecca L. Davis*
18                                          One of Plaintiffs' Attorneys

19
                                      Richard T. Drury (SBN 163559)
20                                    richard@lozeaudrury.com
                                      Rebecca Davis (SBN 271662)
21                                    rebecca@lozeaudrury.com
                                      **LOZEAU DRURY LLP**
22                                    1939 Harrison St., Suite 150
                                      Oakland, CA 94612
23                                    Telephone: (510) 836-4200
                                      Facsimile: (510) 836-4205
24
                                      Patrick H. Peluso*
25                                    ppeluso@woodrowpeluso.com
                                      Taylor T. Smith*
26                                    tsmith@woodrowpeluso.com
                                      **WOODROW & PELUSO, LLC**
27                                    3900 East Mexico Avenue, Suite 300

28   CLASS ACTION COMPLAINT              18

Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

Attorneys for Plaintiffs and the Classes

*Pro Hac Vice admission to be sought*